ROLKER *et al. v.* ERHARDT, Collector.

*(Circuit Court, S. D. New York.* April 21, 1890.)

CUSTOMS DUTIES—CONSTRUCTION OF LAWS—CLASSIFICATION—FLOWERING BULBS.

Crocus, gladiolus, hyacinth, narcissus, tulip, and other bulbs, which are not medicinal and not edible, are in a crude state, and not advanced in value or condition by refining, grinding, or by other process of manufacture, and are used for the purpose of producing flowers, are not free of duty under the provision for "bulbs and bulbous roots, * * * any of the foregoing of which are not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially enumerated or provided for in this act," contained in the free-list of the tariff act of March 3, 1883, (22 U. S. St. 488; Tariff Index, New, par. 636,) but are dutiable at the rate of 20 per cent. *ad valorem* under the provision for "bulbs and bulbous roots, not medicinal, and not specially enumerated or provided for in this act," contained in Schedule N of the same tariff act, (Id. par. 405.)

*(Syllabus by the Court.)*

At Law. Action to recover back duties.

During the year 1889 the plaintiffs imported from England, France, and Holland, into the port of New York, certain crocus, gladiolus, hyacinth, narcissus, tulip, and other flowering bulbs. These bulbs were classified for duty under the provision for "bulbs and bulbous roots, not medicinal, and not specially enumerated or provided for in this act," contained in Schedule N of the tariff act of March 3, 1883, (22 U. S. St. 488; Tariff Index, New, par. 405,) and, pursuant to this provision, duties were exacted thereon, at the rate of 20 per centum *ad valorem*, by the defendant, as collector of customs at that port. Against this classification and this exaction the plaintiffs duly protested, claiming that these bulbs were free of duty as "bulbs which were not edible, and were in a crude state, and not advanced in value or condition by refining or grinding, or other process of manufacture" under the provision for "bulbs and bulbous

roots, * * *, any of the foregoing of which are not edible, and are in a crude state, and not advanced in value or condition by refining or grinding, or other process of manufacture, and not specially enumerated or provided for in this act," contained in the free-list of the same tariff act, (Tariff Index, New, par. 636;) or under the provision for "plants, trees, shrubs, and vines of all kinds, not otherwise provided for, and seeds of all kinds except medicinal seeds not specially enumerated or provided for in the act," contained in this free-list, (Id. par. 760.) Thereafter the plaintiffs, as provided by law, having made appeals, duly brought this suit to recover the aforesaid duties.

Upon the trial it appeared that the bulbs in suit were spheroidal bodies that had been grown in the ground from the crocus, gladiolus, hyacinth, narcissus, and other flowering plants; that they had the principle of life in them, were not medicinal, were not edible, were in a crude state, and were not advanced in value or condition by refining, grinding, or other process of manufacture; or, in other words, were in the same state and condition as when taken from the ground, except that they had been dried and cleaned; that they were imported solely for the purpose of producing flowers; that bulbs of the same kinds and in the same state or condition as these, at and prior to March 3, 1883, were and since have been used in this country solely for that purpose; that there were, at and prior to the date just mentioned, and since have been, imported into this country certain other flowering bulbs, such as those of the colchicum autumnale and the scilla, that were used for medicinal purposes as well as for flowering purposes; that the bulbs of the colchicum autumnale, when imported for medicinal purposes, were in a dried, sliced, lifeless state or condition; that the bulbs of the scilla, when imported for medicinal purposes, were in a similar state or condition; that the bulbs of the colchicum autumnale and of the scilla, when imported for flowering purposes, were in the same state or condition as the bulbs in suit; that there were, at and prior to the date just mentioned, and since have been, both grown in and imported into this country certain bulbs, such as those of the onion, the leek, the garlic, and other alluim plants, that were flowering bulbs and edible; that there were, at and prior to the date just mentioned, and since have been, both grown in and imported into this country certain other bulbs that, although eaten in Siberia, Kamschatka, China, or other countries, were not eaten in this country, but were used here for producing flowers or foliage. Both sides having rested, the defendant's counsel moved the court to direct the jury to find a verdict in his favor on the grounds, (1) that the bulbs in suit were the "bulbs not medicinal" provided for in Schedule N of the tariff act in question, (Id. par. 405,) as decided by the defendant as said collector, and (2) that the plaintiffs had not proven facts sufficient to entitle them to recover; and argued substantially in support of this motion that these bulbs were neither plants, trees, shrubs, vines, nor seeds, as the common and well-known meaning of these words indisputably showed, and therefore were not free of duty under the provision for such articles contained in the free-list of this tariff act, (Id. par. 760;) that this tariff act evi-

dently provided for three classes of bulbs and bulbous roots: (*a*) Bulbs and bulbous roots, both medicinal and non-medicinal, not edible, and usually or necessarily before their use subjected to some process of grinding, refining, or manufacturing which, if in a crude state, and not advanced in value or condition by any of such processes, were free of duty, (Free-List, Id. par. 636,) but which, if so advanced, were dutiable at 10 per centum *ad valorem*, (Schedule A, Id. par. 94;) (*b*) bulbs and bulbous roots, not medicinal, not edible, and not before their use subjected to any such processes, which were dutiable at 20 per centum *ad valorem*, (Schedule N, Id. par. 405;) and (*c*) bulbs and bulbous roots, edible, and generally eaten, such as onions, leeks, garlic, and other like products of the alluim and other plants, which, though perhaps botanically bulbs or bulbous roots, have always been known among the people of this country as vegetables, and were dutiable as such at the rate of 10 per centum *ad valorem* (Schedule G, Id. par. 286;) that the provision for class *b*, bulbs and bulbous roots not medicinal, and not edible, contained in Schedule N, (Id. par. 405,) was more specific than the general provision for bulbs and bulbous roots both medicinal and non-medicinal, and not edible, of class *a*, contained in the free-list, (Id. par. 636;) and the bulbs in suit, therefore, were properly classified for duty, (*Arthur* v. *Lahey*, 96 U. S, 112;) that the defendant's construction of these apparently conflicting provisions for bulbs and bulbous roots rendered them harmonious and consistent; that, if any other construction of them were adopted by the court, there were no bulbs and bulbous roots provided for by Schedule N, (Id. par. 405,) and the court must conclude that congress had idly legislated that provision; but that, as was well settled, a meaning, if possible, must be given to every word found in a provision of a statute; and that, to give a meaning to every word of this provision, the defendant's construction must be adopted, and a verdict directed for him.

The plaintiff's counsel, after abandoning all claims to recover under the provision for plants, etc., contained in the free-list, (Id. par. 760,) then moved the court, upon the case as presented, to direct the jury to find a verdict in their favor, and, in support of this motion, and in opposition to that of the defendant's, argued substantially that Schedule N (Id. par. 405) provided for edible bulbs and bulbous roots, such as onions, leeks, garlic, etc.; that the free-list (Id. par. 760) provided for bulbs and bulbous roots not advanced in value or condition, etc.; that the bulbs in suit, being bulbs of the last-mentioned description, were specially provided for, and were free of duty.

*Edward Hartley* and *I. Augustus Stanwood*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (*orally.*) It is somewhat difficult to determine from all these sections exactly in which one these articles are to be found. They are plainly covered by the language of paragraph 405, "bulbs and bulbous roots, not medicinal, and not specially enumerated" elsewhere. The question is, which is the more specific enumeration, the

one therein contained, or the one in paragraph 636, "bulbs and bulbous roots not edible, but in a crude state, and not advanced by refining or grinding, or by other process of manufacture?" In common speech whatever is medicinal is fairly to be considered as non-edible; but it does not necessarily follow that whatever is non-edible must be medicinal. I incline therefore to the opinion that paragraph 405 is of these two the more specific, and shall therefore direct a verdict for the defendant.